```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CITIGROUP INC.,                                                        :
                                                                       :
                              Plaintiff,                               :
                                                                       :        21 Civ. 10413 (JPC)
                  -v-                                                  :
                                                                       :             ORDER
LUIS SEBASTIAN SAYEG SEADE,                                            :
                                                                       :
                              Defendant.                               :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On December 6, 2021, Plaintiff Citigroup Inc. moved for the Court to enter a Temporary Restraining Order ("TRO") for an anti-suit injunction against Defendant Luis Sebastián Sayeg Seade. Dkt. 1 ("Petition and Complaint"). As alleged, Sayeg worked for Citigroup's subsidiary, Banco Nacional de México, S.A., Integrante del Grupo Financiero Banamex ("Banamex"), from 1985 to 2019. *Id.* ¶ 14. On December 15, 2020, Sayeg sued Banamex in Mexico for issues related to his termination agreement and incentive and retention award plans. *Id.* ¶ 19. These claims are currently before the Mexican Labor Board. *Id.* ¶¶ 19, 21-22. Almost a year later, on December 1, 2021, Banamex argued to the Mexican Labor Board "that the dispute should be resolved through binding arbitration in accordance with broad arbitration clauses of the benefits plans." Dkt. 7 ¶ 3; *see also* Petition and Complaint ¶¶ 24-25. The Mexican Labor Board has scheduled a hearing on the arbitration issue for March 9, 2022. Petition and Complaint ¶ 24.

On December 6, 2021, almost one year after Sayeg initiated his suit in Mexico, Citigroup filed a demand for arbitration with the American Arbitration Association against Sayeg for issues concerning his termination agreement and incentive and retention award plans. Petition and Complaint ¶ 4. He now asks this Court to (1) issue a TRO enjoining Sayeg from pursuing any

claims before any tribunal, including the Mexican Labor Board, for issues concerning his termination agreement and incentive and retention award plans and (2) compel arbitration. *Id.* ¶ 5; *Id.* at 8.

By December 10, 2021, Citigroup shall file a supplemental brief further detailing why the Court should issue a TRO. The brief shall address:

1. Whether Citigroup meets the standards for a TRO, including irreparable harm, given the delay between when Sayeg brought the Mexico action and when Citigroup filed this lawsuit.

2. How *China Trade & Development Corp. v. M.V. Choong Yong*, 837 F.2d 33 (2d Cir. 1987), and its progeny apply to *first-filed* foreign actions. *See ED Cap., LLC v. Bloomfield Inv. Res. Corp.*, 155 F. Supp. 3d 434, 442-43 (S.D.N.Y. 2016) ("Much of the analysis in *China Trade* examining whether a foreign suit is vexatious or threatens the United States court's jurisdiction is strained in a case where the foreign action was filed first."), *aff'd in part on other grounds, vacated in part on other grounds,* 660 F. App'x 27 (2d Cir. 2016). Citigroup shall point to other cases in which a court has issued an anti-suit injunction for first-filed foreign actions. *See id.* at 443 ("[The plaintiff] does not cite any case in which an anti-suit injunction was granted by a United States court against a first-filed foreign action."); *Robinson v. Jardine Ins. Brokers Intern. Ltd.*, 856 F. Supp. 554, 560 n.23 (N.D. Cal. 1994) ("Plaintiff has not pointed to any precedent for a federal district court enjoining an earlier-filed foreign proceeding.").

3. Whether the first-to-file rule applies to first-filed *foreign* suits and, if so, how the rule applies in that context. Under this principle, "the basic proposition [is] that the first court to obtain jurisdiction of the parties and of the issues should have priority over a second court to do so." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626

F.3d 699, 722 (2d Cir. 2010) (quotations omitted).  The submission should also address whether Mexico's treaty obligations to recognize arbitration agreements affects the special circumstances analysis for the first-to-file rule.  *See id.*

4. How the *Colorado River* doctrine and international comity principles apply to a first-filed foreign suit with a nearly identical pending motion to the relief sought in a latter filed federal case.  *See, e.g.*, *Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 92-94 (2d Cir. 2006) (outlining these principles and noting that the Second Circuit has "yet to articulate a list of factors a district court should consider when exercising its discretion to abstain in deference to pending litigation in a foreign court").

5. Whether Mexican law allows Citigroup to intervene in the Mexican case.

Sayeg shall file a response to Citigroup's brief by December 15, 2021.  The parties shall appear for a teleconference to discuss the TRO application on December 17, 2021, at 11:00 a.m.  At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261.  If Citigroup desires a more expedited schedule, it may seek leave of the Court.

Citigroup shall immediately serve a copy of the summons, the Petition and Complaint, and this Order on Sayeg, with proof of service filed on the docket no later than December 8, 2021.

SO ORDERED.

Dated:  December 7, 2021
        New York, New York

_____
JOHN P. CRONAN
United States District Judge

3