

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Robert L. Sills
tel: +1.212.858.1114
robert.sills@pillsburylaw.com

December 28, 2021

**BY ECF**

Hon. John P. Cronan
United States District Judge for
  the Southern District of New York
United States Courthouse
500 Pearl Street, Room 1320
New York, NY 10007
CronanNYSDChambers@nysd.uscourts.gov

  Re: *Citigroup Inc. v. Seade*, No. 1:21-cv-10413-JPC

Dear Judge Cronan:

On behalf of Petitioner Citigroup Inc. ("Citigroup"), I write to address what appears to be a typographical or clerical error in the Order issued by this Court on December 22, 2021, entering a Preliminary Injunction against Respondent Luis Sebastián Sayeg Seade (Dkt. No. 22) (the "Order").

The Order states, at pages 1 and 2, that "[t]he preliminary injunction shall continue until the conclusion of the above arbitration, or until this Court decides the petition to compel arbitration, whichever is earlier." The consequence of that language is that the preliminary injunction in aid of arbitration granted by the Court would dissolve upon an order compelling arbitration, but would continue if the Court were to decide that arbitration should not be compelled.

With respect, we do not believe that the Court could have intended that result. Rather, it appears that the word "decides" should read "denies", or a similar term, which would be consistent with Second Circuit precedent on the duration of a preliminary injunction granted in aid of arbitration. For example, in *Ibeto Petrochemical Indus. Ltd. v. M/T Beffen*, 475 F.3d 56, 65 (2d Cir. 2007), the Court modified such an injunction, holding that "[t]he parties need to be enjoined from proceeding in the courts of Nigeria only until the conclusion of the London arbitration." *See also, Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, 10 Civ. 1853

www.pillsburylaw.com

December 28, 2021
Page 2

(PGG), 2010 WL 1050988, at *9 (S.D.N.Y. March 23, 2010) (citing *Ibeto* and noting that "[a]nti-suit injunctions should be of a preliminary nature because, as the Second Circuit explained in *Ibeto*, 'there is no need for [a] permanent injunction. . . . The parties need to be enjoined from proceeding in the courts of [a foreign jurisdiction] only until the conclusion of the . . . arbitration and the consequent resolution of the still-pending case in the District Court'").

In this regard, I note that the Court stated during the December 22, 2021 hearing that, "I also make clear in the preliminary injunction that any injunctive relief that I would be ordering would not extend beyond the conclusion of the arbitration proceeding." Hr'g Tr. at 18:13-15.  Conversely, if the Court were to decide that arbitration here was inappropriate, the injunction would dissolve upon that determination, because there would be nothing for the injunction to protect at that point.  Accordingly, Citigroup respectfully requests that the Court's Order granting a preliminary injunction be modified to substitute the word "denies" in place of the word "decides" in the carryover sentence at the top of page 2, as described above.

We are available at the Court's convenience with respect to the foregoing.

Respectfully,

*/s/ Robert L. Sills*

Robert L. Sills


cc:   Mr. Luis Sebastián Sayeg Seade (by FedEx International)
      Lic. Omar Villalobos Navarrete (by email and FedEx International)