UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CITIGROUP INC.,                                                        :
                                                                       :
                                  Petitioner,                          :
                                                                       :     21 Civ. 10413 (JPC)
              -v-                                                      :
                                                                       :     OPINION AND
LUIS SEBASTIAN SAYEG SEADE,                                            :     ORDER
                                                                       :
                                  Respondent.                          :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On January 20, 2022, the Court issued an Opinion and Order that granted Petitioner Citigroup Inc's unopposed motion to compel arbitration, directed Respondent Luis Sebastian Sayeg Saede ("Sayeg") to participate in that arbitration, and ordered Sayeg to withdraw any pending claims that he has brought in Mexico in an action captioned as *Luis Sebastián Sayeg Seade v. Banco Nacional de México, S.A., Integrante del Grupo Financiero Banamex*, Expediente Número: 1197/2020 ("Mexican Action"), that fall within the scope of the parties' arbitration agreements.  Dkt. 33 ("Opinion") at 8-19.  The Court also stayed this case pending arbitration, except for enforcing the ordered injunctive relief, considering any further requests for injunctive relief, and considering applications for sanctions for failure to comply with the Court's Orders.  *Id.* at 19.  That same day, the Court issued a preliminary injunction that directed Sayeg "by February 3, 2022, to dismiss without prejudice claims arising out of or related to the applicability or not applicability of benefits under the Plans in the [Mexican Action]."  Dkt. 34 ("Preliminary

Injunction") at 2.  Citigroup has provided the Court with proof that both the Opinion and Preliminary Injunctive were promptly served on Sayeg.[1]

Despite the Court's explicit Orders, Sayeg has dismissed no claims in the Mexican Action. Dkt. 43 ¶ 4.  Citigroup now moves for an order finding Sayeg in civil contempt, arguing that Sayeg has violated the Preliminary Injunction.  *See* Dkts. 41, 42 ("Motion").  The Court agrees, and therefore finds Sayeg in civil contempt and imposes sanctions as set forth below.

## I. Discussion

The Court presumes the parties' familiarity with the facts underlying this case, which it thoroughly discussed in the Opinion.  The Court also uses herein the definitions of terms adopted in the Opinion.

### A. Contempt

"A party who violates an injunction entered by the district court faces the threat of both civil and criminal contempt."  *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004).  A court may hold a party in contempt if the moving party shows that "(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply in a reasonable manner."  *CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98 (2d Cir. 2016); *see also Latino Officers Ass'n City of New York, Inc. v. City of New York*, 558 F.3d 159,

---

[1] Citigroup served Sayeg with the Opinion and Preliminary Injunction through multiple means.  On January 20, 2022, it emailed and faxed the Opinion and Preliminary Injunction to Sayeg's counsel in the Mexican Action.  *See* Dkt. 35 ¶ 2.  On January 20, 2022, Citigroup also mailed the Opinion and Preliminary Injunction to Sayeg, along with his counsel in the Mexican Action, using Federal Express International.  *Id.* ¶ 3.  The Opinion and Preliminary Injunction both required Citigroup to serve Sayeg, which triggered Federal Rule of Civil Procedure 5.  *See* Fed. R. Civ. P. 5(a)(1)(A).  Under that Rule, a party may serve papers by "mailing it to the person's last known address—in which event service is complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C).

164 (2d Cir. 2009).  The moving party need not, however, "establish[] that the violation was willful."  *Paramedics Electromedicina Comercial, Ltda*, 369 F.3d at 655.  Indeed, "[t]he fact that [a] prohibited act was done inadvertently or in good faith . . . does not preclude a citation for civil contempt, for the sanction is remedial in nature."  *Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126, 128 n.2 (2d Cir. 1979).  Here, Citigroup has shown all the elements for contempt.

First, the Preliminary Injunction is clear and unambiguous.  "An injunction is sufficiently clear and unambiguous if it leaves no doubt in the minds of those to whom it was addressed precisely what acts are forbidden."  *CBS Broad. Inc.*, 814 F.3d at 98 (quotations and alterations omitted).  The Preliminary Injunction says that, by February 3, 2022, Sayeg had to "dismiss without prejudice claims arising out of or related to the applicability or not applicability of benefits under the Plans in the [Mexican Action]."  Preliminary Injunction at 2.  The Preliminary Injunction therefore meets this clear and unambiguous requirement because it has "short, enumerated paragraphs that clearly and unambiguously articulate defendants' obligations under same."  *United States v. Jiffy Cleaners of Hartsdale, Inc.*, No. 16 Civ. 2428 (VB), 2020 WL 4284155, at *3 (S.D.N.Y. July 27, 2020); *see* Preliminary Injunction at 1-2.

Second, Sayeg's failure to withdraw any claims from the Mexican Action shows clear and convincing proof that he violated the Preliminary Injunction.  *See Jolen, Inc. v. Kundan Rice Mills, Ltd.*, No. 19 Civ. 1296 (PKC), 2019 WL 2949988, at *3 (S.D.N.Y. July 9, 2019) (moving party showed clear and convincing evidence that defendants violated injunction because "[c]ounsel has not withdrawn the [foreign] action as required by the Injunction Order or stopped participating in the action as further required by the Injunction Order").  As the Court previously concluded in the Opinion, "Sayeg has brought claims in the Mexican Action that appear to arise from and relate to

the Plans," and "there is a likelihood that the arbitrator will agree that certain claims brought by Sayeg in the Mexican Action must be submitted to arbitration." Opinion at 17.

Third, Sayeg has not diligently tried to reasonably comply with the Preliminary Injunction. Sayeg has "not appeared before this Court and ha[s] not asserted that compliance was impossible." *Jolen, Inc.*, 2019 WL 2949988, at *3. And again, Sayeg has ignored the Preliminary Injunction by failing to withdraw any claims in the Mexican Action.

Thus, the Court finds Sayeg in civil contempt for his violation of the Preliminary Injunction.

**B. Sanctions**

**1. Coercive Sanctions**

Citigroup asks the Court to sanction Sayeg for his civil contempt by imposing a "daily fine of $10,000, escalating by $5,000 per day every ten calendar days thereafter, be imposed to force compliance with the Orders, but stayed for a period of three business days to allow Sayeg a final opportunity to comply with the Orders." Motion at 6.[2] Civil contempt sanctions serve a dual purpose: "to secure future compliance with court orders and to compensate the party that has been wronged." *Paramedics Electromedicina Comercial, Ltda*, 369 F.3d at 657. For coercive sanctions, a court has "broad discretion to design a remedy that will bring about compliance." *Id.*

---

[2] Before imposing sanctions on "an individual charged with civil contempt, due process requires that the person receive notice and an opportunity to be heard." *Ginter Logistics Serv. Co. v. ACH Freight Forwarding, Inc.*, No. 07 Civ. 8677 (LAP), 2010 WL 4455402, at *2 (S.D.N.Y. Oct. 21, 2010). Sayeg had sufficient notice and an opportunity to be heard because Citigroup served its motion for contempt and sanctions on Sayeg as well as the Court's Order setting the briefing schedule for the motion for contempt and sanctions. *See id.* ("A motion itself can constitute a form of notice and provide a person with an opportunity to be heard."); Dkt. 40 (affidavit of service of the Court's scheduling Order); Dkt. 45 (affidavit of service of contempt motion).

(quotations omitted). When fashioning coercive sanctions, a court considers "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987); *accord Paramedics Electromedicina Comercial, Ltda*, 369 F.3d at 658. In considering these factors, the contemnor bears the burden to show a lack of financial resources to prevent imposing monetary sanctions. *Id.*

The Court finds that coercive sanctions are warranted, and it finds that a fine starting at $5,000 per day is required to secure compliance without being punitive. In fashioning the sanction, the Court first finds that Citigroup faces irreparable harm if Sayeg does not comply with the Preliminary Injunction. As the Court explained in the Opinion, Citigroup will have suffered irreparable harm if "forced to litigate rather than arbitrate this dispute." Opinion at 17 (quotations and alterations omitted). This harm can be prevented only by Sayeg complying with the Preliminary Injunction and withdrawing any claims in the Mexican Action that fall within the scope of the arbitration agreements in the Plans.

Second, the Court finds that "[m]onetary sanctions are an efficacious means of enforcing the [Preliminary] Injunction." *Jolen, Inc.*, 2019 WL 2949988, at *4. Given that Sayeg has refused to appear before this Court and comply with its Orders, the Court finds that the proposed sanctions "would incentivize" Sayeg to comply with the Preliminary Injunction. *Jiffy Cleaners of Hartsdale, Inc.*, 2020 WL 4284155, at *6. As discussed in the next paragraph, Sayeg appears to have significant financial resources, based on his prior salary, his termination agreement with Banamex, and his current employment. And given Sayeg's "significant financial assets" the Court finds that

a moderately large fine "will have a coercive effect on [Sayeg] at this stage." *Gucci Am., Inc. v. Li*, No. 10 Civ. 4974 (RJS), 2015 WL 7758872, at *3 (S.D.N.Y. Nov. 30, 2015).

Third, imposing the sanction would not "wreak ruinous financial consequences" on Sayeg. *Jiffy Cleaners of Hartsdale, Inc.*, 2020 WL 4284155, at *6 (quotations omitted). Sayeg has "not demonstrated that imposition of monetary sanctions would represent any financial burden on" him. *Jolen, Inc.*, 2019 WL 2949988, at *4. Nor does the Court have any reason to think that Sayeg lacks the financial resources to pay this fine. "Sayeg earned millions of dollars while he was employed as a senior executive at Banamex." Motion at 5. Banamex paid him approximately $3.5 million as part of his termination agreement. Dkt. 9, Exh. 1 at 3-4. And Sayeg now serves as the chief executive officer of an asset management firm that manages close to $2 billion in assets. Dkt. 44, Exhs. 2, 3.

Under these circumstances, a $5,000 daily fine would not impose excessive hardship on him. *See CBS Broad. Inc.*, 814 F.3d at 101-04 (affirming coercive sanctions of $10,000 per day); *Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57-58 (2d Cir. 1982) (affirming coercive sanctions of $5,000 per day). The Court also finds that increasing the daily fine every ten days by $5,000 if Sayeg fails to comply will encourage Sayeg to comply with this Order and the Preliminary Injunction without imposing excessive hardship. *See Jolen, Inc.*, 2019 WL 2949988, at *4 (imposing coercive sanction starting at $3,000 per day and doubling after every successive week of non-compliance with anti-injunction restriction). But this fine should not increase in perpetuity. Instead, the fine will increase until the tenth day of it reaching $15,000 per day, which is April 2, 2022. At that point, the total fine will have been $300,000. Should Citigroup seek further coercive sanctions beyond that, Citigroup must make a new application to the Court.

### 2. Compensatory Sanctions

Besides coercive sanctions, Sayeg also seeks attorneys' fees and costs for bringing the contempt motion. Motion at 6-7. For compensatory sanctions, a court "should reimburse the injured party for its actual damages." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989). So although compensatory sanctions need not precisely match losses, "the sanction should correspond at least to some degree with the amount of damages." *Paramedics Electromedicina Comercial, Ltda*, 369 F.3d at 658 (quotations omitted).

The Second Circuit has not decided whether "a finding of willfulness or bad faith is required before a court may order attorneys' fees as a sanction for violating a court order." *Jacobs v. Citibank, N.A.*, 318 F. App'x 3, 5 n.3 (2d Cir. 2008). But "a finding of willfulness strongly supports granting them." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *accord Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99 Civ. 10175 (KMW), 2021 WL 3418475, at *17 (S.D.N.Y. Aug. 5, 2021). Indeed, a district court that finds willful contempt "would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt." *Weitzman*, 98 F.3d at 719. A person commits willful contempt when he "had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply." *Patsy's Brand, Inc.*, 2021 WL 3418475, at *17 (quotations omitted).

That is the case here. Citigroup served Sayeg with every Order that this Court has issued, including the Preliminary Injunction requiring him to withdraw his claims in the Mexican Action related to or arising out of the Plans. *See* Dkt. 35. Yet Sayeg has ignored the Preliminary Injunction and has proceeded with pursuing his claims in the Mexican Action. Sayeg has also refused to appear before this Court and never sought to modify this Court's decisions. Put simply,

Sayeg "had notice of the [Preliminary] Injunction[,] failed to seek to modify it[,] . . . and did not make a good faith effort to comply with [it]." *Patsy's Brand, Inc.*, 2021 WL 3418475, at *17.

## II. Conclusion

For all the reasons given, the Court grants Citigroup's motion to hold Sayeg in civil contempt.  The Court orders that:

- Sayeg must immediately dismiss without prejudice claims arising out of or related to the applicability or not applicability of benefits under the Plans in the Mexican Action and comply with all the other requirements in the Preliminary Injunction.

- If Sayeg has not withdrawn the required claims in the Mexican Action by March 4, 2022, he must pay the Clerk of Court a daily fine of $5,000 per day until he does so.  That daily fine will escalate by $5,000 per day every ten days after March 4, 2022 until the tenth day of it reaching $15,000 per day, which is April 2, 2022 (*i.e.*, $5,000 per day from March 4, 2022 to March 13, 2022; $10,000 per day from March 14 to March 23; and $15,000 per day from March 24 to April 2).  To be clear, the imposition of this daily fine will end once Sayeg withdraws the required claims in the Mexican Action.  And if he withdraws the required claims before March 4, 2022, no fine will be imposed.

- Sayeg must reimburse Citigroup for its reasonable attorneys' fees and costs that it incurred in bringing this motion.  Citigroup must submit documentation of its reasonable attorneys' fees and costs that it incurred in moving for contempt by March 14, 2022.  Sayeg may submit a response by March 28, 2022.  If Citigroup wishes to submit a reply, it must do so by April 4, 2022.

Citigroup must immediately serve a copy of this Order on Sayeg, with proof of service filed on the docket by March 1, 2022. The Clerk of the Court is respectfully directed to close the motion pending at Docket Number 41.

SO ORDERED.

Dated: February 24, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge