UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                          :
CITIGROUP INC.,                         :
                          :
                    Petitioner,          :
                          :          21 Civ. 10413 (JPC)
            -v-                    :
                          :          <u>ORDER</u>
LUIS SEBASTIAN SAYEG SEADE,       :
                          :
                  Respondent.     :
                          :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On February 28, 2022, this Court held Respondent Luis Sebastian Sayeg Saede in contempt for violating the Preliminary Injunction. Dkt. 47 ("Contempt Order"); *see* Dkt. 34 (Preliminary Injunction). The Contempt Order requires Sayeg to "reimburse Citigroup for its reasonable attorneys' fees and costs that it incurred in bringing this motion." Contempt Order at 8. It also required Citigroup to submit documentation of its reasonable attorneys' fees and cost. *Id.* On March 14, 2022, Citigroup filed its documents of its reasonable attorneys' fees and costs and seeks $29,560.47—$29,165.00 in attorneys' fees and $395.47 in costs. Dkt. 49 at 2, Exh. 1 ("Sills Decl.") ¶ 4.

      "Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011). Under the forum rule, courts generally use "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Id.* (quotations omitted). Those hourly rates "are the market rates prevailing in the community for similar services

by lawyers of reasonably comparable skill, experience, and reputation." *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quotations omitted).  In conducting this analysis, courts must "bear in mind *all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008).  The cornerstone of this analysis is "what a reasonable, paying client would be willing to pay." *Id.* at 184.

In applying these principles, "[c]ourts in this District have determined that hourly rates ranging from $250 to $1,260 per hour, for attorneys' work on a commercial litigation matter, were reasonable." *Tessemae's LLC v. Atlantis Cap. LLC*, No. 18 Civ. 4902 (KHP), 2019 WL 2635956, at *4 (S.D.N.Y. June 27, 2019) (collecting cases).  And in a recent case involving the firm representing Citigroup, Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"), the court approved the requested rates that ranged from "$405 to $660 for associates and . . . $742 to $910 for partners." *Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, No. 17 Civ. 8987 (GHW), 2022 WL 413229, at *14 (S.D.N.Y. Feb. 9, 2022).  In line with these authorities, Pillsbury seeks an $840 hourly rate for the partner who worked on this matter, Robert L. Sills, and a $480 hourly rate for the associate, Ryan R. Adelsperger.  Sills Decl. ¶ 2.  These rates represent a significant discount from those attorneys' standard rates and are the rates that Citigroup agreed to pay Pillsbury for this case. *Id.*  The Court therefore approves the rates for the attorneys.

But the Court finds that the requested $250 hourly rate for paralegal work exceeds the rate typically awarded in this District, especially given the lack of background information about the paralegal's credentials and experience.  Courts in this district often award paralegal rates between $100-$200 per hour. *See 1979 Fam. Tr. Licensor, LLC v. Darji*, No. 19 Civ. 4389 (VEC), 2020

Case 1:21-cv-10413-JPC   Document 50   Filed 03/15/22   Page 3 of 4

WL 9596279, at *1 (S.D.N.Y. Sept. 30, 2020) ("Courts in this district typically approve paralegal hourly rates between $150 and $200."); *Williams v. Metro-N. R.R. Co.*, No. 17 Civ. 03847 (JGK), 2018 WL 3370678, at *8 (S.D.N.Y. June 28, 2018) ("Courts in this district typically award paralegal rates in the range of $100-150 per hour."), *report and recommendation adopted*, No. 17 Civ. 3847 (JGK), 2018 WL 3368713 (S.D.N.Y. July 10, 2018).  The Court will therefore reduce the paralegal's rate to $150 per hour.  *See Flatiron Acquisition Vehicle, LLC*, 2022 WL 413229, at *15 (reducing Pillsbury's paralegals' rates "to $150/hr., which is in line with prevailing rates for paralegals without specialized skills, training, or experience").

Turning next to hours billed, "[t]o determine the reasonableness of the hours expended, the Second Circuit considers factors such as the time and labor required on the matter and the number of attorneys involved."  *Tessemae's LLC*, 2019 WL 2635956, at *5 (citing *Arbor Hill*, 522 F.3d at 186 n.3, 190).  The Court has scrutinized the hours submitted for reimbursement and finds them reasonable.

To begin with, "the Court finds that the invoice provided by Plaintiff's counsel[] is sufficiently detailed so as to permit the Court to examine the hours expended."  *Id.* (citation omitted).  The Court also finds reasonable Pillsbury expending 48.2 total hours to investigate and prosecute the contempt motion.  *See* Sills Decl., Exh. 1 at 1-3.  The firm conserved resources by only having two lawyers work on the matter and by having an associate handle many tasks.  *Id.*  It then submitted a detailed and well-prepared memorandum and affidavit in support of the motion for contempt.

The Court therefore approves the hours billed.  After reducing the hourly rate for the paralegal, the Court approves $28,875 in fees.  The Court also approves as reasonable the $395.47

in costs for computer research and Federal Express charges for Court-ordered service. *See id.* at 4. In total, the Court approves $29,270.47 in attorneys' fees and costs for Citigroup.

Lastly, Citigroup requests a conference to discuss another application for contempt sanctions or the entry of an order granting it leave to move for additional contempt sanctions. Dkt. 49 at 2. Given that the Contempt Order contemplates Citigroup waiting only a few weeks, until April 2, before seeking additional sanctions, the Court denies the request. By April 1, 2022, Citigroup shall file a status letter. That letter must detail the status of the Mexican Action, whether Sayeg has complied with the Court's orders, and if Sayeg has not complied, whether Citigroup intends to seek additional contempt sanctions.

Citigroup shall serve a copy of this Order on Sayeg by March 18, 2022, with proof of service filed on the docket no later than March 21, 2022.

SO ORDERED.

Dated: March 15, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge