UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                   :
CITIGROUP INC.,                       :
                                   :
                Petitioner,      :
                                   :             21 Civ. 10413 (JPC)
        -v-                     :
                                   :             <u>ORDER</u>
LUIS SEBASTIAN SAYEG SEADE,     :
                                   :
                Respondent.     :
                                   :
------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Over the past year, the Court has issued multiple Orders in connection with the failure of

Respondent Luis Sebastian Sayeg Seade ("Sayeg") to participate in contractually mandated

arbitration with Petitioner Citigroup Inc. and with Sayeg's failure to withdraw certain claims

pending in an action that he brought in Mexico. Most recently, on May 23, 2022, the Court issued

additional sanctions against Sayeg for his failure to comply with its Orders (the "Second Contempt

Order"). *Citigroup Inc. v. Sayeg Saede*, No. 21 Civ. 10413 (JPC), 2022 WL 1620298, at *2-4

(S.D.N.Y. May 23, 2022). Citigroup now moves for its attorneys' fees and costs in connection

with seeking those additional sanctions and in defending the enjoined claims that Sayeg continues

to litigate in Mexico. *See* Dkts. 66, 67 ("Sills Decl."), 71. The Court grants that motion in part

and awards $36,461.52 in fees and costs to Citigroup.

## I. Background

      On January 20, 2022, the Court issued an Opinion and Order that granted Citigroup's

unopposed motion to compel arbitration, directed Sayeg to participate in that arbitration, and

ordered Sayeg to withdraw any pending claims in the action he brought in Mexico, which is

captioned as *Luis Sebastián Sayeg Seade v. Banco Nacional de México, S.A., Integrante del Grupo Financiero Banamex*, Expediente Número: 1197/2020 ("Mexican Action"), that fall within the scope of the parties' arbitration agreements. *Citigroup Inc. v. Sayeg Saede*, No. 21 Civ. 10413 (JPC), 2022 WL 179203, at *5-10 (S.D.N.Y. Jan. 20, 2022). The Court also stayed this case pending arbitration, except for enforcing the ordered injunctive relief, considering any further requests for injunctive relief, and considering applications for sanctions for failure to comply with the Court's Orders. *Id.* at *10. That same day, the Court issued a Preliminary Injunction that directed Sayeg "by February 3, 2022, to dismiss without prejudice claims arising out of or related to the applicability or not applicability of benefits under the Plans in the [Mexican Action]." Dkt. 34 ("Preliminary Injunction") at 2, ¶ (b).

After Sayeg failed to dismiss the required claims in the Mexican Action, Citigroup moved for the Court to find Sayeg in civil contempt for violating the Preliminary Injunction (the "First Contempt Motion"). *See* Dkts. 41-42. On February 28, 2022, without any response to the motion from Sayeg, *see* Dkt. 46, the Court held Sayeg in contempt and imposed an escalating monetary sanction to continue until April 2, 2022 or until Sayeg complied with the Preliminary Injunction, whichever was earlier ("First Contempt Order"). *Citigroup Inc. v. Sayeg Saede*, No. 21 Civ. 10413 (JPC), 2022 WL 596073, at *1-4 (S.D.N.Y. Feb. 28, 2022). The First Contempt Order specifically ordered Sayeg to "immediately dismiss without prejudice claims arising out of or related to the applicability or not applicability of benefits under the Plans in the Mexican Action and comply with all the other requirements in the Preliminary Injunction." *Id.* at *4. The First Contempt Order additionally held that Sayeg must reimburse Citigroup for its reasonable attorneys' fees and costs incurred in bringing the motion that led to that Order, and directed Citigroup to submit documentation to support its requested reimbursement. *Id.* On March 15, 2022, after reviewing

2

Citigroup's documentation of its attorneys' fees and costs incurred in bringing the First Contempt Motion, the Court approved $28,875 in attorneys' fees and $395.47 in costs ("First Fees Order"). *Citigroup v. Sayeg Saede*, No. 21 Civ. 10413 (JPC), 2022 WL 1205599, at *1-2 (S.D.N.Y. Mar. 15, 2022).

On April 21, 2022, after Sayeg continued to fail to dismiss the required claims in the Mexican Action, Citigroup filed another motion that sought further sanctions against Sayeg as well as its fees (the "Second Contempt Motion"). *See* Dkts. 58-61. Sayeg also did not respond to the Second Contempt Motion. On May 23, 2022, the Court issued the Second Contempt Order, holding Sayeg in contempt again for violating the Preliminary Injunction. *Sayeg Saede*, 2022 WL 1620298, at *2-4. The Second Contempt Order required Sayeg to "reimburse Citigroup for its reasonable attorneys' fees and costs that it incurred in defending Sayeg's claims that must be withdrawn in the Mexican Action since the [First] Contempt Order and in bringing th[e Second Contempt] Motion." *Id.* at *4. It also required Citigroup to submit documentation of its reasonable attorneys' fees and cost. *Id.* On June 6, 2022, Citigroup filed that documentation, seeking $42,753.40 in attorneys' fees and $308.52 in costs. Sills Decl. ¶¶ 4-5; *accord id.* Exhs. 1-2. Of the requested attorneys' fees, $21,537.00 covers fees incurred since the First Contempt Order in litigating Citigroup's Second Contempt Motion, *id.* ¶ 4, and $21,216.40 covers fees incurred in defending enjoined claims in the Mexican Action, *id.* ¶ 5.

## II. Discussion

"Attorneys' fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours." *Bergerson v. N. Y. State Off. of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011). In connection with its requested fees in bringing the Second Contempt Motion, Citigroup seeks an

hourly rate of $840 for Robert L. Sills, a partner at Pillsbury Winthrop Shaw Pitman LLP ("Pillsbury"), and an hourly rate of $480 for Ryan R. Adelsperger, an associate at Pillsbury.  Sills Decl. ¶¶ 1-2.  In the First Fees Order, the Court approved these rates for Mr. Sills and Mr. Adelsperger.  *Sayeg Saede*, 2022 WL 1205599, at *1.  The Court again approves hourly rates of $840 for Mr. Sills and $480 for Mr. Adelsperger, for the same reasons expressed in the First Fees Order.  *See id.*  The Court further approves the requested paralegal billing rate of $150.00 per hour, Sills Decl. ¶ 3, which it previously set as reasonable, *Sayeg Saede*, 2022 WL 1205599, at *1.  *See 1979 Fam. Tr. Licensor, LLC v. Darji*, No. 19 Civ. 4389 (VEC), 2020 WL 9596279, at *1 (S.D.N.Y. Sept. 30, 2020) ("Courts in this district typically approve paralegal hourly rates between $150 and $200."); *Williams v. Metro-N. R.R. Co.*, No. 17 Civ. 3847 (JGK) (KHP), 2018 WL 3370678, at *8 (S.D.N.Y. June 28, 2018) ("Courts in this district typically award paralegal rates in the range of $100-150 per hour."), *report and recommendation adopted*, No. 17 Civ. 3847 (JGK), 2018 WL 3368713 (S.D.N.Y. July 10, 2018).

Turning to the reasonableness of the hours billed, the Court "considers factors such as the time and labor required on the matter and the number of attorneys involved." *Tessemae's LLC v. Atlantis Cap. LLC*, No. 18 Civ. 4902 (KHP), 2019 WL 2635956, at *5 (S.D.N.Y. June 27, 2019) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 186 n.3, 190 (2d Cir. 2008)).  To begin, the invoice submitted by Pillsbury has sufficient detail to permit the Court to examine the hours expended.  *See id.*  The Court also finds that it was reasonable for Pillsbury to expend 39.4 total hours to investigate and prosecute the Second Contempt Motion including its fees application.[1]  *See* Sills Decl., Exh. 1 at 1-3.  The firm

---

[1] The Court considers the fees incurred by Citigroup in applying for Pillsbury's fees, which Citigroup sought in its Second Contempt Motion, to be part of the "reasonable attorneys' fees and

conserved resources by having only two lawyers work on the matter, with many tasks handled by an associate. *Id.* It then submitted a detailed and well-prepared memorandum and affidavit in support of the Second Contempt Motion, as well as a detailed declaration and letter memorandum in support of the fees application. The Court therefore approves the hours billed for work on the Second Contempt Motion including the fees application, and awards $21,537.00 in attorneys' fees for that work. The Court also approves as reasonable the $308.52 in costs for Federal Express charges for Court-ordered service. *See id.* at 3.

In the Second Contempt Order, the Court also granted compensatory sanctions in the form of attorneys' fees and costs incurred by Citigroup in defending against the Mexican Action since the First Contempt Order. *Sayeg Saede*, 2022 WL 1620298, at *4. Citigroup seeks $21,216.40 in attorneys' fees, including a 16% value added tax, which represents the fees incurred in defending the enjoined claims in the Mexican Action from February 9, 2022 through September 30, 2022. Sills Decl. ¶ 5, Exh. 2.

For compensatory sanctions, a court "should reimburse the injured party for its actual damages." *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989). So even though compensatory sanctions need not precisely match losses, "the sanction should

---

costs that [Citigroup] incurred . . . in bringing th[e Second Contempt] Motion." *Sayeg Saede*, 2022 WL 1620298, at *4. Bringing a successful motion for compensatory sanctions and fees necessarily entails the effort of compiling those fees. *Cf. LBBW Luxemburg S.A. v. Wells Fargo Sec. LLC*, No. 12 Civ. 7311 (JPO) (KNF), 2016 WL 5812105, at *7 (S.D.N.Y. Sept. 22, 2016) (Since Rule 27(b)(2)(C) mandates payment of reasonable attorney's fees 'caused by the failure' to obey the Court's order, it follows that attorney's fees incurred in preparing the fee application to determine the appropriate amount of the sanctions award are necessarily 'caused by the failure' to obey the Court's order, where the sanctions motion has been granted, such as here."). In other contexts, awards of fees generally may include fees incurred in seeking those fees. *See Tucker v. City of New York*, 704 F. Supp. 2d 347, 358 (S.D.N.Y. 2010) (noting that "[t]ime devoted to a fee application is generally compensable" when fees are awarded under 42 U.S.C. § 1988 (citing *Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1059-60 (2d Cir. 1995))).

correspond at least to some degree with the amount of damages." *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 658 (2d Cir. 2004) (quotations omitted).  And when a district court finds willful contempt, the court "would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt." *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996).  The Court determined in the Second Contempt Order that Sayeg is in willful contempt.  *Sayeg Saede*, 2022 WL 1620298, at *4.

In assessing the reasonableness of fees incurred outside of this District, the Court "should generally use the prevailing hourly rate in the district where it sits," but "the district court may adjust this base hourly rate to account for a plaintiff's reasonable decision to retain out-of-district counsel, just as it may adjust the base hourly rate to account for other case-specific variables." *Arbor Hill*, 493 F.3d at 183-84; *see also Ryan v. Allied Interstate, Inc.*, 882 F. Supp. 2d 628, 633 (S.D.N.Y. 2012) ("[T]he appropriate billing rate should be the rate where the attorney works or the forum rate, whichever is lower."); *cf. Coscarelli v. ESquared Hosp. LLC*, No. 18 Civ. 5943 (JMF), 2021 WL 293163, at *8 (S.D.N.Y. Jan. 28, 2021) (upholding arbiter's decision to apply New York rates to out of district counsel even where New York rates were higher).

In the Mexican Action, the defendant, which was Citigroup's wholly owned subsidiary, Banco Nacional de México, S.A., Integrante del Grupo Financiero Banamex ("Banamex"), has been represented by the Mexico City-based law firm, De la Vega and Martinez Rojas, S.C.  *See* Sills Decl. ¶ 5; Dkt. 71.  From the date of the First Contempt Order through the date of the Second Contempt Order, De la Vega and Martinez Rojas utilized the efforts of several attorneys who billed between $220 and $500 per hour.  *See* Dkt. 71-3.  The attorney leading Banamex's efforts is Oscar De la Vega Gomez, a founding partner of De la Vega and Martinez Rojas with over forty years of

relevant experience.  Dkt. 71-2.  Mr. De la Vega Gomez billed at a rate of $500.  Dkt. 71-3.  Also staffed on this matter were Jose Luis Lopez Ramirez, a partner with over thirty years of relevant experience who billed at $440 per hour; Eduardo Guerrero Hernandez, an associate with over ten years of relevant experience who billed at $350 per hour; and Michelle Estefania Gonzalez Ortiz, an associate who billed at $220 per hour.  *Id.*; *accord* Dkt. 71-1 ("De la Vega Gomez Declaration") ¶ 6.

Mr. De la Vega Gomez has submitted a declaration attesting that these rates were agreed to by Banamex and are consistent with those charged by comparable firms in Mexico City for similar work.  De la Vega Gomez Declaration ¶¶ 3, 6.  Having considered each attorney's experience, the fact that Banamex agreed to pay these rates, Mr. De la Vega Gomez's declaration that these rates are consistent with those charged in Mexico City for similar work, and the fact that these rates are considerably lower than the Pillsbury rates in this action that the Court has found reasonable, the Court determines that the rates for the De la Vega and Martinez Rojas attorneys are reasonable and approves them.  *See Columbus McKinnon Corp. v. Travelers Indem. Co.,* 367 F. Supp. 3d 123, 157 (S.D.N.Y. 2018) ("A reasonable fee has been described in this Circuit as 'what a reasonable, paying client would be willing to pay.'" (quoting *Arbor Hill*, 522 F.3d at 184)).

Turning to hours billed, in the Second Contempt Order, the Court authorized recovery of the "reasonable attorneys' fees and costs that [Citigroup] incurred in defending Sayeg's claims that must be withdrawn in the Mexican Action *since the [First] Contempt Order*."  *Sayeg Saede*, 2022 WL 1620298, at *4.  As noted, the First Contempt Order was issued on February 28, 2022, and the Second Contempt Order was issued on May 23, 2022.  In its briefing regarding fees incurred in the Mexican Action, however, Citigroup additionally sought fees incurred *before* the entry of the First Contempt Order, going back to February 9, 2022, and fees incurred *after* the

Second Contempt Order, going through September 30, 2022.  Dkt. 71 at 2 n.2; Dkt. 71-3.  The Court denies without prejudice Citigroup's request for fees incurred in litigating the Mexican Action prior to the First Contempt Order and after the Second Contempt Order, as those fees have not been authorized by the Court.  The remaining hours total thirty-six and are broken down as follows: (1) Mr. De la Vega Gomez billed 6.75 hours at a rate of $500, for a total of $3,915.00 including value added tax; (2) Mr. Lopez Ramirez billed 11.5 hours at $440 per hour for a total of $5,869.60, including value added tax; (3) Mr. Guerrero Hernandez billed two hours at $350 per hour for a total of $812.00, including value added tax; and (4) Ms. Gonzalez Ortiz billed 15.75 hours at $220 per hour for a total of $4,019.40 including value added tax.  Dkt. 71-3.

Having reviewed the time entries associated with these thirty-six hours, the Court determines that those hours worked were reasonable and approves them.  Moreover, those fees reflect Citigroup's actual damages from defending the enjoined claims during the relevant time period, as those were the fees in fact paid.  De la Vega Gomez Declaration ¶ 6; *see Weitzman*, 98 F.3d at 719 (The Court "would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of [willful] contempt.").  Therefore, the Court awards attorneys' fees in the amount of $14,616.00 including value added tax as constituting fees incurred by Citigroup in the Mexican Action from the date of the First Contempt Order, *i.e.*, February 28, 2022, through the date of the Second Contempt Order, *i.e.*, May 23, 2022.

### III. Conclusion

Accordingly, the Court awards Citigroup $36,461.52, which consists of $21,537.00 in attorneys' fees and $308.52 in costs incurred in connection with litigating Citigroup's additional request for sanctions, and $14,616.00 in attorneys' fees including value added tax incurred in defending enjoined claims in the Mexican Action from February 28, 2022 through May 23, 2022.

By January 27, 2023 Citigroup shall file a status letter.  That letter must detail the status of the Mexican Action, including whether Sayeg has complied with the Court's Orders and what, if any, further steps Citigroup intends to take in this litigation.  Citigroup shall serve a copy of this Order on Sayeg by January 9, 2023, with proof of service filed on the docket no later than January 12, 2023.

SO ORDERED.

Dated: January 6, 2023
      New York, New York

                                                      JOHN P. CRONAN
                                      United States District Judge