Robert L. Sills
robert.sills@pillsburylaw.com
Ryan R. Adelsperger
ryan.adelsperger@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019
Telephone: +1 (212) 858-1181
Facsimile:  +1 (212) 858-1500
*Attorneys for Petitioner Citigroup Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------- X
                                   :      No. 1:21-cv-10413-JPC

**CITIGROUP INC.,**              :

                     :

          Petitioner,    :

                     :

        -against-       :

                     :

**LUIS SEBASTIÁN SAYEG SEADE,**   :

                     :

         Respondent.   :

                     :
------------------------------------------------- X

**MEMORANDUM IN SUPPORT OF**
**PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD**

Pursuant to Sections 9, 13 and 207 of the Federal Arbitration Act, U.S.C. §§ 9, 13 and 207, ("FAA"), Petitioner Citigroup Inc. ("Citigroup") respectfully submits this memorandum in support of its motion for an Order and Judgment confirming the Final Award issued on January 25, 2023 by Jack Levin, *Esq.*, an arbitrator acting under the rules of the International Centre For Dispute Resolution of the American Arbitration Association (the "AAA") in favor of Citigroup and against Respondent Luis Sebastián Sayeg Seade ("Sayeg") entitled, *Citigroup Inc. v. Luis Sebastián Sayeg Seade*, AAA Case No. 01-21-0017-7441 (the "Arbitration").  A copy of the Final Award is attached as Exhibit A to the Declaration of Robert L. Sills ("Sills Decl.") filed herewith.

## RELEVANT PROCEDURAL BACKGROUND

### I.     The Court's Order Compelling Arbitration

On December 6, 2021, Citigroup commenced these proceedings by Petition and Order to Show Cause, requesting a temporary restraining order and a preliminary injunction against Sayeg enjoining him from commencing or prosecuting any proceeding against Citigroup arising out of or relating to his employee benefits plans with Citigroup (the "Plans"), other than in the Arbitration, and compelling the Arbitration.  ECF Nos. 1-12.  Sayeg was served with those papers, as with all other filings and orders in this proceeding, in accordance with the Court's order of December 8, 2021.  *See* ECF No. 15; *see, e.g.*, ECF No. 17.

After briefing and a hearing at which Sayeg chose not to appear, the Court entered a temporary restraining order on December 17, 2021, prohibiting Sayeg from commencing or prosecuting any action or proceeding in Mexico arising out of or relating to the Plans other than in the Arbitration.  ECF No. 20.  Service of that order was made in accordance with the Court's order. ECF No. 21.

On December 22, 2021, the Court held a hearing on Citigroup's application for a preliminary injunction. *See* ECF No. 22. Again, neither Sayeg nor anyone acting on his behalf appeared. *Id.* Following the hearing, the Court issued a preliminary injunction on December 22, 2021, and ordered Sayeg to file any opposition to the petition to compel arbitration by January 5, 2022. *Id.* Despite due service of that order (ECF No. 23), Sayeg did not appear or submit any opposition.

On January 20, 2022, the Court held a hearing on the petition to compel arbitration. *See* ECF No. 30. Sayeg again failed to appear. The same day, on January 20, 2022, the Court issued an opinion and order compelling arbitration and directing Sayeg to participate in the Arbitration (the "Opinion and Order"). ECF No. 33. Additionally, the Court issued an amended preliminary injunction directing Sayeg to withdraw the claims related to the Plans in the Mexican action he is prosecuting entitled *Luis Sebastián Sayeg Seade v. Banco Nacional de México, S.A., Integrante del Grupo Financiero Banamex*, Expediente Número: 1197/2020 (the "Mexican Action") during the Arbitration, and ordering Sayeg to participate in the Arbitration (the "Amended Preliminary Injunction" and together with the Opinion and Order, the "Orders"). ECF No. 34. Service of the Orders was made in accordance with the Court's order. *See* ECF No. 35.

## II.     The Arbitration

On December 6, 2021, Citigroup commenced the Arbitration against Sayeg by filing its Demand for Arbitration with the AAA seeking declaratory and injunctive relief. *See* Sills Decl. Ex. B. Sayeg was served with the Demand for Arbitration in accordance with the applicable ICDR Rules.[1] *See* Sills Decl. Ex. C. On April 1, 2022, Jack Levin, *Esq.*, was appointed by the AAA to

---

[1] Service by mail is expressly provided for in the International Dispute Resolution Procedures of the AAA (Rules Amended and Effective March 1, 2021) (the "ICDR Rules"). ICDR Rules §§ 2, 11.1, https://www.icdr.org/sites/default/files/document_repository/ICDR_Rules_1.pdf?utm_source=icdr-website&utm_medium=rules-page&utm_campaign=rules-intl-update-1mar. Here, Sayeg was served not only by

serve as the Arbitrator in the Arbitration.  *See* Sills Decl. Ex. D.  On May 27, 2022, Citigroup filed

its Amended Demand for Arbitration, adding claims against Sayeg seeking additional declaratory

relief and pleading claims for breach of contract and breach of fiduciary duty (the "Amended

Demand").  *See* Sills Decl. Ex. E.  Sayeg was served with the Amended Demand in accordance

with the ICDR Rules.  *See* Sills Decl. Ex. F.

On August 19, 2022, Citigroup submitted an Application for Summary Disposition on all

the claims asserted in the Amended Demand to Arbitrator Levin (the "Application for Summary

Disposition").  *See* Sills Decl. Ex. G.  Sayeg was served with the Application for Summary

Disposition in accordance with the ICDR Rules.  *See* Sills Decl. Ex. H.

On November 9, 2022, Arbitrator Levin issued a partial final award granting Citigroup's

Application for Summary Disposition as follows: (i) granting declaratory relief that (1) the

Tribunal had jurisdiction to consider the dispute, (2) Citigroup is a valid party to the Plans, (3)

Sayeg released Citigroup from all claims related to the Plans, (4) Sayeg breached the Voluntary

Termination and Release Agreement dated December 31, 2019 and the Plans, and (5) Citigroup

has no further obligations under the Plans; (ii) permanently enjoining Sayeg from commencing or

prosecuting any litigation relating to the Plans, and directing him to immediately cease the

prosecution of and dismiss any litigation related to the Plans; (iii) awarding Citigroup damages of

10,275,294.98 Mexican Pesos (approximately $536,000 USD) and $38,560.12 USD; (iv) ordering

Sayeg to return 32,231.76 shares of common stock of Citigroup Inc. or to pay Citigroup the fair

market value of those shares as of January 31, 2022 (approximately $2,098,932.21 USD); (v)

ordering disgorgement of all compensation paid by Citigroup to Sayeg under the Plans since the

earliest date of his disloyalty to Citigroup; (vi) awarding Citigroup its reasonable attorneys' fees

---

mail, but by mail, email, and facsimile to his counsel of record in the Mexican Action.  *See, e.g.*, Sills Decl. Exs. E
and G.

and costs incurred in the Arbitration and the fees of the Tribunal Citigroup has paid in the Arbitration; and (vii) awarding Citigroup pre-award interest on all of the foregoing sums at the rate of 4% per annum and post-award interest at the same rate (the "Summary Disposition Order"). *See* Sills Decl. Ex. I, at 24.  The Summary Disposition Order states that it was "based upon careful evaluation of the factual record and careful evaluation of the legal authorities presented in the written submissions.  Respondent Sayeg has had a full opportunity to confront the factual allegations and legal arguments made by Claimant Citigroup and has failed to do so."[2]  *Id.* ¶ 75.

The Summary Disposition Order directed Citigroup to submit proof concerning its reasonable attorneys' fees and costs.  *Id.* at 25.  On December 2, 2022, Citigroup submitted its fee submission to Arbitrator Levin (the "Fee Submission").  *See* Sills Decl. Ex. J.  Once again, Sayeg was served with the Fee Submission in accordance with the ICDR Rules, but he did not appear. *See* Sills Decl. Ex. K.  On January 9, 2023, the AAA declared the Arbitration closed as of December 28, 2022.  *See* Sills Decl. Ex. L.  Sayeg did not appear to contest the closing of the Arbitration.  Sills Decl. ¶ 14.

On January 25, 2023, Arbitrator Levin issued the Final Award, which incorporated the Summary Disposition Order and ordered Sayeg to pay (i) $136,761.00 representing Citigroup's attorneys' fees, (ii) $9,458.44 representing Citigroup's costs, and (iii) $42,025.00 representing Arbitrator Levin and the AAA's administrative fees.  *See* Sills Decl. Ex. A, at 3.  Sayeg has not sought to vacate, modify, or appeal the Final Award.  Sills Decl. ¶ 14.

Pursuant to the terms of the parties' arbitration provision as well as under the FAA, the Final Award is now final and binding, and should be confirmed by the Court.

---

[2]  In that regard, in the Amended Demand, Citigroup sought pre-award and post-award interest on all monetary awards at the rate of 9% per annum, as provided by N.Y. C.P.L.R. § 5004.  However, Arbitrator Levin only awarded interest at the rate of 4% per annum.  Sills Decl. Ex. I, ¶ 74.

**LEGAL ARGUMENT**

**III.    Citigroup is Entitled to Confirmation of the Final Award**

"The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., establishes a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Scott v. JPMorgan Chase & Co.,* 603 F. App'x 33, 35 (2d Cir. 2015) (internal quotation marks and citation omitted). "[C]onfirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co. v. Gottdiener,* 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984)).

As this Court recently noted, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected." *Sire Spirits, LLC v. Green*, No. 21 Civ. 7343 (JPC), 2022 WL 2003483, at *6 (S.D.N.Y. June 6, 2022) (Cronan, J.); 9 U.S.C. §9 (citation omitted).  "'Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement.'" *Actors' Equity Ass'n v. RC Christmas LLC*, No. 21 Civ. 937 (JPC), 2022 WL 1223216, at *2 (S.D.N.Y. Apr. 26, 2022) (Cronan, J.) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)). "An arbitration award should be confirmed upon a showing that there is a 'barely colorable justification for the outcome reached.'" *Kosaraju v. Gordon*, No. 17-CV-00383 (NSR), 2019 WL 4572149, at *1 (S.D.N.Y. Sept. 20, 2019) (quoting *Nutrition 21, Inc. v. Wertheim*, 150 F. App'x 108, 109 (2d Cir. 2005)).

Because this dispute is between Citigroup, a Delaware corporation with its principal place of business in New York, and hence a national of the United States, and Sayeg, a citizen and resident of Mexico, it falls under the Inter-American Convention on International Commercial

Arbitration (the "Panama Convention"), and its implementing legislation, Chapter 3 of the FAA, 9 U.S.C. § 301, *et seq.* 9 U.S.C. § 302 incorporates by reference 9 U.S.C. § 207, which provides as follows:

> Within three years after an arbitral award falling under the [Panama] Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration.  The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

The grounds specified in the Panama Convention, made applicable to Section 207 pursuant to Section 302, are set out in Article 5 of the Panama Convention as follows:

1. The recognition and execution of the decision may be refused, at the request of the party against which it is made, only if such party is able to prove to the competent authority of the State in which recognition and execution are requested:
   a. That the parties to the agreement were subject to some incapacity under the applicable law or that the agreement is not valid under the law to which the parties have submitted it, or, if such law is not specified, under the law of the State in which the decision was made; or
   b. That the party against which the arbitral decision has been made was not duly notified of the appointment of the arbitrator or of the arbitration procedure to be followed, or was unable, for any other reason, to present his defense; or
   c. That the decision concerns a dispute not envisaged in the agreement between the parties to submit to arbitration; nevertheless, if the provisions of the decision that refer to issues submitted to arbitration can be separated from those not submitted to arbitration, the former may be recognized and executed; or
   d. That the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the terms of the agreement signed by the parties or, in the absence of such agreement, that the constitution of the arbitral tribunal or the arbitration procedure has not been carried out in accordance with the law of the State where the arbitration took place; or
   e. That the decision is not yet binding on the parties or has been annulled or suspended by a competent authority of the State in which, or according to the law of which, the decision has been made.
2. The recognition and execution of an arbitral decision may also be refused if the competent authority of the State in which the recognition and execution is requested finds:

    a. That the subject of the dispute cannot be settled by arbitration under the law of that State; or

    b. That the recognition or execution of the decision would be contrary to the public policy (ordre public) of that State.

Putting to one side that the burden of showing any of those grounds is upon Sayeg pursuant to the express terms of the Panama Convention, none of them is applicable here. As this Court has already held, there is a valid agreement to arbitrate between Citigroup and Sayeg, and the Arbitration was conducted in accordance with the applicable AAA rules, to which the parties subjected it. Sayeg chose not to participate in the arbitration to which he agreed, despite service and actual notice, but that does nothing to defeat the validity of the arbitration or the enforceability of the award.

The Final Award itself carefully analyzes and reviews the factual and legal basis for its conclusions. Sayeg freely agreed to arbitrate all disputes arising out of or related to the Plans. *See* ECF No. 33, at 10 ("Sayeg and Citigroup entered into unambiguous agreements to arbitrate any disputes relating to the Plans."). As the Summary Disposition Order states, Sayeg was duly served in the Arbitration, but chose not to appear. *See* Sills Decl. Ex. I., at 13 ("Citigroup has served Sayeg with every filing and order entered in this arbitration in accordance with the Tribunal's order and the AAA rules."). Neither the Final Award nor the Summary Disposition Order have been vacated, and Sayeg has made no such requests to the Court to date, nor has he sought review of the Final Award. Sills Decl. ¶ 14. Accordingly, Citigroup respectfully requests that the Court grant Citigroup's motion to confirm and enter an Order and Judgment confirming the Final Award as a Judgment of this Court in accordance with Sections 207 and 302 of the FAA. 9 U.S.C. §§ 207 and 302.

## **CONCLUSION**

For the reasons set forth above, Citigroup respectfully requests that the Court enter an Order granting Citigroup's motion to confirm and issue an Order and Judgment confirming the Final Award as a Judgment of the Court.

Respectfully submitted,

Dated:  New York, New York
        February 16, 2023

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: _____
    Robert L. Sills
    robert.sills@pillsburylaw.com
    Ryan R. Adelsperger
    ryan.adelsperger@pillsburylaw.com
    31 West 52nd Street
    New York, NY 10019
    Telephone: +1 (212) 858-1181
    Facsimile:  +1 (212) 858-1500
    *Attorneys for Petitioner Citigroup Inc.*